Approved: _____
Jun Xiang
Assistant United States Attorney

Before:   HONORABLE KATHARINE H. PARKER
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                 :

          - v. -                         :

LUCIO JOHAN QUIROZ PEREGRINA,            :

               Defendant.                :

- - - - - - - - - - - - - - - - - x

**20 MAG 12955**

**COMPLAINT**

Violation of
21 U.S.C. § 846

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

     John DiBurro, being duly sworn, deposes and says that he
is a Special Agent with the Drug Enforcement Administration ("DEA")
and charges as follows:

COUNT ONE
(Narcotics Conspiracy)

     1.   In or about December 2020, in the Southern District
of New York and elsewhere, LUCIO JOHAN QUIROZ PEREGRINA, the
defendant, and others known and unknown, intentionally and
knowingly did combine, conspire, confederate, and agree together
and with each other to violate the narcotics laws of the United
States.

     2.   It was a part and an object of the conspiracy that
LUCIO JOHAN QUIROZ PEREGRINA, the defendant, and others known and
unknown, would and did distribute and possess with intent to
distribute a controlled substance, in violation of Title 21, United
States Code, Section 841(a)(1).

     3.   The controlled substance that LUCIO JOHAN QUIROZ
PEREGRINA, the defendant, conspired to distribute and possess with
intent to distribute was 400 grams and more of mixtures and

substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4.   I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter.   This affidavit is based upon my personal participation in the investigation, and my conversations with law enforcement officers, law enforcement employees, and witnesses, as well as a review of documents.   Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.   Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.   Based on my participation in this investigation, my review of documents, my participation in surveillance, and my conversations with other law enforcement officers and the confidential source described below, I have learned, in substance and in part, the following:

a.   On or about December 3, 2020, at approximately 8:45 a.m., a confidential source working at the direction of law enforcement ("CS-1")[1] contacted a phone number (the "Phone") and spoke with an individual who answered the Phone, later identified to be LUCIO JOHAN QUIROZ PEREGRINA, the defendant.   During this

---

[1]   CS-1 is assisting law enforcement pursuant to a cooperation agreement in a pending case, in which CS-1 has pleaded guilty to a federal criminal information charging him with participating in a narcotics conspiracy, possession of a firearm in relation to a drug trafficking crime, possession of a firearm as a felon, conspiracy to commit wire fraud, and the sale and possession of stolen property.   Prior to the pending case, CS-1 was convicted of narcotics offenses and a charge related to the sale of a stolen vehicle.   CS-1 is assisting law enforcement pursuant to the cooperation agreement in the hope of receiving leniency at sentencing.   Law enforcement deems the information provided by CS-1 in the course of this investigation to be credible and it has been corroborated by, among other things, events independently observed by law enforcement and electronic evidence.

2

call, which was recorded, QUIROZ PEREGRINA agreed, in sum and substance, to sell CS-1 one kilogram of heroin to be delivered the same morning in Manhattan.   Following the phone call, CS-1 gave QUIROZ PEREGRINA an address in Manhattan where they would meet to conduct the sale ("Address-1").

   b. On the same day, shortly after approximately 9:30 a.m., CS-1 spoke with QUIROZ PEREGRINA through the Phone, on a recorded call, and asked QUIROZ PEREGRINA to meet at a different address in Manhattan, near Address-1 ("Address-2").   CS-1 gave QUIROZ PEREGRINA specific instructions regarding where to drive and park his vehicle, and QUIROZ PEREGRINA indicated that he would follow those instructions.   Shortly thereafter, a vehicle (the "Vehicle")--of which QUIROZ PEREGRINA was the driver and sole occupant--pulled up to Address-2 and QUIROZ PEREGRINA directed CS-1, who was waiting at the location, to enter the Vehicle.   CS-1's ensuing interaction and conversation with QUIROZ PEREGRINA was consensually audio-recorded.   Furthermore, law enforcement agents in the area surveilled the meeting.

   c. After CS-1 entered the Vehicle, QUIROZ PEREGRINA opened a black bag (the "Black Bag") and showed CS-1 its contents--a brick of a white substance that was wrapped in clear plastic (the "Brick").   Furthermore, QUIROZ PEREGRINA told CS-1, in substance and in part, that QUIROZ PEREGRINA belonged to a certain Mexican drug cartel (the "Cartel") and had other associates in the New York area who could obtain kilogram quantities of heroin.   Thereafter, CS-1 gave law enforcement a pre-arranged signal and law enforcement arrested QUIROZ PEREGRINA.

   d. A sample of the Brick was field-tested and tested positive for fentanyl and negative for heroin.   The Brick has been weighed and weighs approximately one kilogram.   Based on my training and experience, I know that individuals engaged in drug trafficking sometimes try to pass off fentanyl as heroin because fentanyl can be easier to obtain.

   6. Based on my participation in this investigation, including my discussions with other law enforcement officers, I have learned, in substance and in part, the following:

   a. After LUCIO JOHAN QUIROZ PEREGRINA, the defendant, was arrested, he was advised of his Miranda rights. QUIROZ PEREGRINA verbally waived those rights and agreed to speak to law enforcement.

   b. QUIROZ PEREGRINA told law enforcement, in substance and in part, that he did not know the contents of the

Black Bag and that he had been following the instructions of another individual to pick up the Black Bag and to drive it to Address-2.  QUIROZ PEREGRINA also denied being a member of the Cartel.

WHEREFORE, the deponent respectfully requests that LUCIO JOHAN QUIROZ PEREGRINA, the defendant, be imprisoned or bailed, as the case may be.

_____/s/_____
JOHN DIBURRO
Special Agent
Drug Enforcement Administration

Sworn to me through the transmission of this
Affidavit by reliable electronic means, pursuant to
Federal Rules of Criminal Procedure 4.1 and 41(d)(3), this
3rd day of December, 2020

_____
THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4